*F. T. Brown, J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.

--------•--------

## THE STATE *v.* O'CONNELL.

ARSON.—An indictment for arson alleged that the defendant did willfully, &c., set fire to and burn a "certain building called a saloon."

*Held*, that the indictment was bad, for not showing for what purpose the building was occupied.

SAME.—The words "building or room," in the statute defining the crime of arson, are limited by the words "occupied as a shop, or office for professional business," and in an indictment for burning a building or room it must be averred that it was at the time occupied as a shop, or as an office for professional business.

APPEAL from the *Marion* Criminal Circuit Court.

RAY, J.—Indictment for arson. The charge is that the appellee did willfully and maliciously set fire to and burn a

"certain building called a saloon." The indictment was quashed on motion. This ruling is assigned as error.

Our statute declares that "every person who shall willfully and maliciously set fire to the dwelling house, barn, stable, boat, water craft, mill, mill-house, distillery, manufactory, mechanic's or artificer's shop, storehouse, building or room occupied as a shop, or office for professional business," &c., shall be deemed guilty of arson. There should be a comma after the word storehouse. To render a person guilty of arson, under the statute, in burning a building or room, such building or room must have been at the time occupied as a shop, or as an office for professional business. *Webster* defines the word "shop" as follows: 1. "A building in which goods, wares, drugs, &c., are sold by retail. 2. A building in which mechanics work, and where they keep their manufactures for sale." It is true that under the construction thus placed upon the statute, the words "mechanic's and artificer's shop" are perhaps superfluous if we adopt the secondary meaning of the word "shop," but as any other construction would render almost every other term used in the section cited unnecessary, being included in the word "building," we must, therefore, limit the latter word by the words which follow it, in order to give full effect to the entire section.

The indictment is defective for not averring for what purpose the building was occupied. From its being called "a saloon," we might infer that whoever called it by that name understood that it was either a spacious and elegant apartment for the reception of company, or for works of art, as *Webster* defines the word, or that the building was used as a shop for the retail of intoxicating liquors.

The judgment is affirmed.

*W. W. Leathers*, for the State.

*M. M. Ray, J. W. Gordon* and *W. March*, for appellee.