THE CITY OF CHICAGO, Plaintiff in Error, *vs.* JULIUS LOWENTHAL, Defendant in Error.

*Opinion filed December 22, 1909.*

1. ORDINANCES—*courts should adopt such construction, if possible, as will sustain ordinance.* If an ordinance is susceptible of two constructions, one of which will sustain it and the other render it void as an unreasonable interference with business, courts should adopt the construction which will sustain it.

2. JUNK SHOPS—*ordinance requiring license to keep junk shop is within police power.* An ordinance requiring a license to keep a junk shop and imposing reasonable regulations on the business is within the limits of the police power to provide protection against larcenies which may be so readily committed in collection of junk.

3. SAME—*the Chicago junk shop ordinance does not apply to wholesale dealers.* The Chicago junk shop ordinance, requiring a license to keep a junk shop, applies to rooms or buildings where junk is dealt in in small quantities, and not to a wholesale business where junk is bought only in car-load or wagon-load lots from non-resident or regularly licensed dealers, and is re-sold, usually in car-load lots.

4. APPEALS AND ERRORS—*when error of Appellate Court in giving judgment against a city for costs will not reverse.* Error of the Appellate Court in rendering judgment against a city for costs,

in a prosecution for violating an ordinance, may be corrected in the Appellate Court by motion, but if no attempt is made to correct the error in the Appellate Court it is not ground for reversal by the Supreme Court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

GEORGE H. WHITE, (HENRY M. SELIGMAN, of counsel,) for plaintiff in error.

HERMAN FRANK, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The defendant in error, Julius Lowenthal, was convicted December 15, 1905, before a justice of the peace in Cook county, of having carried on in the city of Chicago the business of the keeper of a junk shop without a license, in violation of the provisions of section 2040 of the revised municipal code of the city of Chicago, and was fined $50 and costs, from which judgment he prosecuted an appeal to the criminal court of Cook county, where, upon a trial without a jury, the judgment of the justice of the peace was reversed, and the city prosecuted an appeal to the Appellate Court for the First District, where the judgment of the criminal court was affirmed. The city has sued out a writ of error from this court to the Appellate Court to review the judgment of that court.

The section of the ordinance upon which the prosecution was based reads as follows:

"2040. (*Doing business without a license prohibited.*—No person shall exercise, carry on or engage in the business of keeping a junk shop, or what is commonly called a junk shop, for the purchase, sale, barter, exchange or other dealing in or storage of rags or old rope, paper or bagging,

old iron, brass, copper, tin, slush or lead, empty bottles or other junk, nor exercise, engage in or carry on any such business at any other house or place than that designated in his license, or draw or drive or cause to be drawn or driven through the streets of this city any handcart, wheelbarrow or other car or vehicle, or use any boat or other kind of vessel, for the purpose of collecting or disposing of such articles; nor shall any person be entitled to have a cart or carts, boat or boats, or other vehicle or vehicles, to be used for the aforesaid purpose, without being first licensed by the mayor for such purpose. Every person who shall violate any of the provisions of this section shall be subject to a fine of not less than $25 nor more than $100 for each offense."

It appears from the evidence that the defendant in error was the senior member of the firm of J. Lowenthal & Sons, whose business was carried on at 734-736 South Sangamon street, in the city of Chicago; that the premises occupied by said firm consisted of a six-story building, fifty by one hundred feet, and an adjoining one-story building of the same dimensions which was used as a foundry; that there was invested in the business the sum of from $150,000 to $200,000; that from ninety-five to ninety-eight per cent of the purchases made by said firm were in car-load lots from parties residing outside the city of Chicago, and that the balance of its purchases were from regularly licensed junk shop keepers in the city of Chicago, usually in wagon-load lots; that it made no purchases other than in car-load lots or from regularly licensed junk shop keepers; that it does annually a business of three-quarters of a million dollars; that it melts down all of the metal purchased by it before the same is re-sold, and sells the product it handles in large quantities, and usually by car-load lots, to mills and factories.

The trial court held that the defendant in error was not the keeper of a junk shop, within the meaning of said ordi-

nance, and the only question presented for review on this appeal in this court is the correctness of the holding of the trial court that the defendant in error was not the keeper of a junk shop, within the meaning of said ordinance.

It is conceded by defendant in error that the firm of J. Lowenthal & Sons, of which he was a member, was a dealer in junk, but it is urged said firm was a wholesale dealer and not a retail dealer, and therefore not the keeper of a junk shop, within the meaning of said ordinance.

It has been held that ordinances similar to the one under consideration are passed in the exercise of the police power, and that such ordinances are enacted because of the likelihood, grounded on experience, that junk is frequently stolen or pilfered, and to insure protection against such larcenies the traffic in junk is regulated in cities by ordinance. (*City of New York* v. *Vandewater,* 113 N. Y. (App. Div.) 456; *Duluth* v. *Bloom,* 55 Minn. 97.) The inhibition found in the ordinance is against carrying on or engaging in the business of keeping a junk shop without a license. We think, within the meaning of this ordinance, a "junk shop" is a room or building where junk is dealt in in small quantities. (*City of New York* v. *Vandewater, supra; Duluth* v. *Bloom, supra; Commonwealth* v. *Ringold,* 182 Mass. 308; *State* v. *O'Connell,* 26 Ind. 266; *State* v. *Morgan,* 98 N. C. 641.) Applying the foregoing definition of "junk shop" to the case in hand, it is clear that the firm of defendant in error was not, within the meaning of the law, the keeper of a junk shop and did not fall within the provisions of said ordinance.

If the entire ordinance is examined it will be found that it was not intended to apply to a business like that carried on by the firm of the defendant in error. Section 2044 provides that every keeper of a junk shop shall provide and keep a book, in which shall be fairly written out the time of every purchase and a description of the article purchased, the name and residence of the person from whom

the article was purchased and the day and hour of such purchase; section 2051, that no keeper of a junk shop shall expose for sale, or sell, any article or articles within ten days of the time the same shall have been purchased, or until the same shall have been upon the premises where the same are offered or exposed for sale, or sold, at least ten days; and section 2053, that the superintendent of police, by himself or an officer designated by him, shall have general supervision over all keepers of junk shops, and shall have power to inspect their places of business, and all articles or things kept therein, whenever he shall deem it necessary so to do. We think it apparent that the city council of the city of Chicago never could have intended that a wholesale dealer in junk, and where his dealings amounted to three-quarters of a million dollars per year, should keep the book provided for by section 2044, or that such wholesale dealer should keep on hand for ten days each car-load or wagon-load of junk purchased by him before he could offer the same for sale, or that the same should remain in his warehouse ten days before the same could be sold or offered for sale, or that, as provided by section 2053, his business should constantly be under the surveillance of the police department of the city. While the regulations provided for in the sections hereinbefore referred to would be entirely proper as a police regulation in the case of the keeper of a junk shop where junk is dealt in in small quantities, if applied to a wholesale dealer like the firm of defendant in error those regulations would be impracticable, and so burdensome as to render the ordinance void as an unreasonable interference with the business of the wholesale dealer. It is the duty of a court to so construe an ordinance, when it is susceptible of two constructions, as to sustain the ordinance. *Berry* v. *City of Chicago,* 192 Ill. 154.

The judgment of the Appellate Court against the city of Chicago for costs was erroneous, but the plaintiff in

error having failed to have the judgment in that particular corrected in the Appellate Court, as it could have done by motion, the judgment of the Appellate Court will not be reversed in this court for that trifling error. *Hyslop* v. *Finch,* 99 Ill. 171; *Wallace* v. *Gatchell,* 106 id. 315.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*