(No. 18129.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellant, *vs.* SAM ADELMAN, Appellee.

*Opinion filed April 20, 1927—Rehearing denied June 10, 1927.*

1. MUNICIPAL CORPORATIONS—*city may license junk dealers.* A city has power to license and regulate junk dealers and for that purpose may make a reasonable classification provided the license is uniform as to the class upon which it operates, and in an action against a junk dealer for operating without a license the defendant cannot complain of various provisions of the ordinance which might be enforced against him if he did procure a license.

2. SAME—*provision of an ordinance requiring observance of all existing and future ordinances is not invalid.* A provision of an ordinance for the licensing of junk dealers which requires that the applicant for a license shall set forth, among other things, that he will observe and comply with all ordinances then in force or which may thereafter be adopted respecting junk dealers is not invalid as requiring the applicant to waive his constitutional rights, as the provision relates only to legal and valid ordinances then in force or which may thereafter be adopted.

3. SAME—*valid provisions of an ordinance may be enforced although some provisions are invalid.* An ordinance may consist of several sections or provisions, some of which may be valid and some invalid, and in such ordinance the valid provisions or sections, if separable, may be enforced though some of the sections or provisions are held void.

APPEAL from the Municipal Court of Chicago; the Hon. WILLIAM E. VINER, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORNSTEIN, and JAMES I. McCARTHY, of counsel,) for appellant.

MAXWELL N. ANDALMAN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Suit was brought by the city of Chicago against Sam Adelman for violating a city ordinance. The complaint charged that on June 17, 1926, Adelman operated and carried on the business of junk dealer on South State street without first having obtained a license, in violation of section 3512 of the Chicago municipal code of 1922. When the case came up for hearing counsel for Adelman moved to quash the complaint. The city was allowed to introduce a certified copy of an ordinance licensing and regulating junk dealers, passed in May, 1926, as an amendment to the municipal code. The court sustained the motion to quash the complaint and dismissed the case. The proper certificate was made by the trial court that the validity of a municipal ordinance was involved, and the city has prosecuted an appeal direct to this court.

Both parties agree that appellant has power to license and regulate junk dealers. Appellant contends that the ordinance is valid as a whole; that it is severable, and that if the provisions here involved are valid, the judgment should be reversed even if some of its sections or provisions not necessary to be considered in determining this

case are invalid. Appellee contends that section 3519 of
the ordinance makes every provision of it dependent one
upon the other, and if one section is invalid the whole
ordinance is void. In his brief appellee specifies a long list
of objections to the validity of the ordinance, such as that
it is unreasonable, unconstitutional, discriminatory, oppres-
sive, confiscatory, invades property rights in violation of
the constitution, invades liberty rights, creates double tax-
ation, etc.

The first paragraph of section 3511 defines junk, and
appellee says he finds no fault with the definition. The
remaining paragraphs define the terms "junk dealer,"
"wholesale junk dealer," "retail junk dealer," "junk ped-
dler," "junk store," "junk yard" and "junk wagon." Sec-
tion 3512 forbids any person, firm or corporation to oper-
ate as a junk dealer, or keep a junk store or junk yard
for the purchase, sale, exchange or other dealings in or
storage of junk, or to drive any junk wagon through the
streets for collecting, transporting or disposing of junk,
without being first licensed to do so. The second para-
graph of section 3512 provides that no person, firm or
corporation licensed under the ordinance as a retail junk
dealer shall be permitted, under license as such, to purchase
junk from other retail junk dealers or to purchase junk in
car-load lots, provided that any retail junk dealer who de-
sires to purchase junk in large quantities may secure a sep-
arate license as a wholesale junk dealer if the wholesale
business is carried on entirely distinct from the retail busi-
ness. The third paragraph of the section provides that no
person, firm or corporation licensed as a wholesale junk
dealer or as a retail junk dealer shall carry on the business
at any other house, place, store, shop, warehouse, building,
yard or enclosure than that designated in the license issued
to him. The fourth paragraph of the section provides that
any person who violates the section shall be subject to a
fine of not less than $10 nor more than $200 for each of-

fense. The ordinance fixes the annual license fee to be paid by a retail junk dealer at $200, by a wholesale junk dealer at $200, and $15 annually by every wholesale or retail dealer, or by a peddler who operates a junk wagon. Other sections to which appellee objects will be hereafter noted.

*City of Chicago* v. *Lowenthal,* 242 Ill. 404, was a prosecution for keeping a junk shop without a license, in violation of an ordinance. The court held the defendant was not the keeper of a junk shop within the meaning of the ordinance, and said: "It has been held that ordinances similar to the one under consideration are passed in the exercise of the police power, and that such ordinances are enacted because of the likelihood, grounded on experience, that junk is frequently stolen or pilfered, and to insure protection against such larcenies the traffic in junk is regulated in cities by ordinance." In *Smolensky* v. *City of Chicago,* 282 Ill. 131, the court commented on the *Lowenthal case* and said: "A junk dealer does not cease to be a junk dealer because of the magnitude of his business or the manner in which it is conducted, whether at wholesale or retail. He is still a junk dealer, and his store or shop or warehouse, of whatever size, is still a junk shop or store or warehouse, and if a yard is used in connection with the business it is a junk yard. The city has power, under the legislative grant, to tax, license and regulate his business and direct its location."

It is not denied by appellee that appellant has power to license and regulate junk dealers, and that power necessarily implies the power to make a reasonable classification so that the license be uniform as to the class upon which it operates. *Banta* v. *City of Chicago,* 172 Ill. 204.

Appellee refers to section 3519, which provides that the applicant for license as a wholesale or retail junk dealer shall set forth, among other things, that the applicant will observe and comply with all ordinances of the city then in

force or which may thereafter be adopted respecting whole-sale or retail junk dealers. That provision relates to legal and valid ordinances then in force or which may thereafter be adopted, and does not require, as appellee contends, that the applicant waive his constitutional rights.

The third paragraph of section 3511 is also said to be invalid. That paragraph defines what is meant by "deal-ing in large quantities," and provides that the purchase or sale of car-load lots or lots of ten tons or more of metals, or ten bales or more of rags, and corresponding lots of any other junk, is dealing in large quantities. It is argued that this section does not legally distinguish retailer and whole-saler. In the first place, that provision is not involved in this prosecution, and if it were invalid, (which we do not concede,) it would not affect the section under which this suit is prosecuted.

The second paragraph of section 3512 prohibits one licensed as a retail junk dealer from carrying on the busi-ness of a wholesale junk dealer or from purchasing from another retail junk dealer in car-load lots. This provision is said by appellee to be incapable of enforcement and is in restraint of trade. In addition to that provision not be-ing involved in this prosecution, we cannot agree with the argument of appellee.

The same may be said of the criticism made of sec-tion 3513, which provides that every wholesale junk dealer who shall also engage in the retail junk business shall for a period of two days after the receipt, purchase or storage of any junk keep the same separate and distinct from other junk received, purchased or stored, and shall not sell the same for the period of two days. The argument made is that that section of the ordinance is confiscatory. Sec-tion 3514 provides that the places of business, junk wagons and junk of retail dealers and peddlers shall at all reason-able times be open to the inspection of any member of the police department, and section 3515 provides that when

there shall be filed with the superintendent of police by the owner or his agent a sworn statement that the owner or agent has reason to believe stolen goods specifically described are in the possession of any wholesale junk dealer, any member of the police department shall have the right to inspect the premises of the wholesale junk dealer at any reasonable hour and view junk which has been purchased, received or stored. The argument is that those provisions set aside the constitutional guaranty of the individual against unlawful searches and places the business at the mercy of and under the control of the police department. It is not contended by appellee that those provisions are in any way involved in this suit. The complaint charged appellee with conducting a junk business without having procured a license, as provided by ordinance, and we do not think we are required to take up and discuss the validity of sections or provisions of the ordinance which are in nowise involved in this suit.

Many of the criticisms of the ordinance made by appellee are of sections or provisions of the ordinance not involved in the determination of the provisions under which this suit is prosecuted. The only claim of appellee that the whole ordinance is invalid is that it is interdependent, as a whole, upon the several provisions or sections of the ordinance, and if one is bad all must be bad. An ordinance may consist of several sections or provisions, some of which may be valid and some invalid. In such an ordinance the valid provisions or sections may be enforced though some of the sections or provisions are held void. (*Poyer* v. *Village of DesPlaines*, 123 Ill. 111.) In *Kearney* v. *City of Canton*, 273 Ill. 507, it was sought to enjoin the enforcement of an ordinance on the ground that it was null and void. The bill was filed by eight complainants, who all claimed to be injuriously affected by the ordinance but not by the same sections or provisions, and alleged the city had threatened prosecution of complainants and many others

"in case they should violate the provisions of said ordinance." The court said: "The bill cannot be maintained on behalf of the public or any number of persons on the theory that they desired to or might at some future time engage in business or acts in violation of the ordinance, and on that ground seek to have the validity of the ordinance determined in a court of equity before doing any of the things prohibited. So far as appears from the bill, at the time the suit was begun none of complainants were engaged in any business or doing any acts in violation of the ordinance. * * * The allegation is that some of them are affected by one section and others by other sections." Where a provision of an ordinance relating to one subject matter may be void and as to another it may be valid, unless the two are not so inseparably connected the valid portion may be enforced the same as if the void part had been omitted. *Wilbur* v. *City of Springfield,* 123 Ill. 395.

That appellant had the power to require junk dealers and junk peddlers to secure a license has been decided not only by this court but the courts of other States, and we do not understand the existence of the power is denied by appellee. So far as we are able to see, the license provision of the ordinance and the classification of junk dealers are neither unreasonable, oppressive, discriminatory or confiscatory. If appellee shall procure his license to conduct the business and then appellant shall attempt to enforce some of the provisions objected to which he thinks are invalid, it will be time enough for him to complain. He cannot object now to the valid provisions of an ordinance which he has never attempted to comply with, on the ground that if he did procure a license the city might attempt to enforce some provisions of the ordinance that he regards as void.

We are of opinion the court erred in quashing the complaint, and the judgment is reversed and the cause remanded to the municipal court of Chicago.

*Reversed and remanded.*