(No. 17988.—

THE CITY OF CHICAGO, Appellee, *vs.* ANNA JENSEN, Appellant.

*Opinion filed June 23, 1928.*

WILLIAM A. BITHER, for appellant.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellant, Anna Jensen, was arrested upon a warrant issued out of the municipal court of Chicago charging her with operating a beauty parlor without a license, contrary

to the provisions of an ordinance of the city of Chicago. A jury was waived, she was tried by the court upon a stipulation which provided that on February 19, 1926, she was conducting a business in the city in which she did hair dressing, consisting of marcelling and giving permanent and other waves, and tinting and dyeing hair; that she operated a cosmetic or physical therapeutic establishment as defined in the ordinance, outside of a regularly licensed hospital or dispensary; that she did not have a license as provided by the ordinance, but she did have a certificate or license from the Department of Education and Registration of the State of Illinois, as provided by statute. The court found her guilty of violating the ordinance, assessed a fine of $10 and costs, and an appeal has been prosecuted to this court, the trial court having certified that the validity of an ordinance is involved and that the public interest requires that the question be reviewed.

It will be unnecessary to consider the provisions of the ordinance, or whether the city had authority, in the first instance, to pass it, for the reason that the State has assumed jurisdiction over beauty culture and has provided for its regulation and license.

The ordinance which appellant was charged with violating defined what should constitute beauty parlors and required a $10 license fee for operating such. It provided how the license should be obtained and that all licenses should expire December 31 each year. It provided for the revocation of licenses and for the regulation of the sanitary conditions of the premises in which the occupation was conducted. There was no provision in the ordinance for the examination of applicants, and the license could only be good within the city. On July 1, 1925, a statute went into effect (Cahill's Stat. 1927, p. 164,) which covers the whole subject of beauty culture. It defines what shall constitute the practice, how a license shall be obtained, provides for the examination, registration and qualifications of appli-

cants, under what jurisdiction the law shall be administered, and a license fee of from one dollar to five dollars is fixed. It provides how long the license shall be valid, when it shall expire and how it may be renewed. The license is good throughout the State.

In *Wilkie* v. *City of Chicago,* 188 Ill. 444, the city of Chicago passed an ordinance which provided for a license of $30 per year for master plumbers. A statute was subsequently passed providing for the licensing of plumbers and for the supervision and inspection of plumbing. The ordinance was in conflict with the statute. This court held that while the legislature may delegate power to a municipality to grant a license for a particular occupation and exact a license fee therefor, it may at any time take away such power and the State may resume the exercise of the power; that the legislature may repeal or amend any of the provisions of the act for the incorporation of cities and villages at pleasure, and if the provisions of the statute are inconsistent with the powers conferred on the city, the statute will operate as a repeal or amendment of the powers so conferred upon the city; that a city, as a subordinate political authority, cannot interfere with the validity or force of a license issued by the State under a statute; that the statute controls the whole subject matter.

The statute repealed any power the city may have had to regulate and license beauty culture, the judgment convicting appellant was erroneous, and it will be reversed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment reversed.*