(No. 19414.—

THE CITY OF METROPOLIS, Plaintiff in Error, *vs.* A. J. GIBBONS, Defendant in Error.

*Opinion filed April 20, 1929.*

H. A. EVANS, for plaintiff in error.

FRED SMITH, (S. B. KERR, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Metropolis recovered a judgment before a justice of the peace against A. J. Gibbons for violations of a city ordinance, from which he appealed to the circuit court of Massac county, where there was a trial by the court without a jury and a finding and judgment in favor of the defendant, the court holding the section of the ordinance imposing a fine for its violation to be void. The judge having certified that the validity of a city ordinance was involved and that in his opinion the public interest required that the appeal or writ of error should be taken directly to the Supreme Court, the city has sued out a writ of error to review the judgment.

The ordinance which was passed by the city council on September 8, 1919, and is known as ordinance No. 582, is as follows:

"*Be it ordained by the city council of the city of Metropolis, Illinois,* That section sixty (60) of chapter 4 of the revised ordinances of the city of Metropolis, in the published edition thereof of 1906, be and the same is hereby amended so as to make said section sixty (60) read as follows:

"60. Second: For a license for the performance, exhibition or entertainment of or by any circus, menagerie, hippodrome, aquarium or other like exhibition the fee shall be not less than thirty-five dollars nor more than eighty-five dollars, to be determined by the size of the show, the number of side-shows, the cost of reserved seats, and other features of the show.

"Sec. 2. That all moving picture shows established and showing within the limits of the city of Metropolis shall first secure a license, and shall pay a license fee therefor the sum of two hundred dollars per annum, one-half of which amount, or $100, shall be paid in advance, and no license shall be issued for a shorter time than six months.

"Sec. 3. All persons, firms and corporations who shall violate sections 1 or 2 of this ordinance shall, on conviction therefor, be fined in any sum of not less than three dollars and not more than one hundred dollars for each offense.

"Sec. 4. That ordinances Nos. 537 and 569 be and the same are hereby repealed."

The defendant was the owner in 1927 of three moving picture theaters in the city in which moving picture shows were given—the Illinois, the Kozy and the Elite. The suit concerned the latter two, for which the defendant had no license. He operated moving picture shows between July 1, 1927, and January 1, 1928, nine times in the Kozy theater, and two nights a week, sometimes three, in the Elite. It was agreed that if the ordinance was valid and judgment went against the defendant the penalty should be $200. A previous ordinance had been passed on May 14, 1917, which amended paragraph 60 of chapter 4 so as to read as follows:

"60. Second: For a license for a performance, exhibition or entertainment of or by any circus, menagerie, hippodrome, aquarium, or like exhibition, $50 per day."

The defendant objected to the ordinance, when offered in evidence, for a number of reasons: First, that it was improperly passed and was void and attempted to repeal an ordinance which did not exist. If either of the ordinances attempted to be repealed were not really in force, that fact did not affect the other provisions of the ordinance.

Another objection was that the title to the ordinance was not broad enough. In fact, the ordinance had no title and there is no legal requirement that it should have. Section 13 of article 4 of the constitution, to which counsel refer, applies only to acts of the legislature and not to city ordinances. *Harris* v. *People*, 218 Ill. 439.

It is also contended that the ordinance did not repeal a previous ordinance, being section 321 of chapter 21 of the revised ordinances of the city, which was as follows: "Proprietors or owners of opera houses, of halls used for theatrical purposes, shall pay a license fee of twelve dollars per year in lieu of all separate license fees for shows or amusements given in such opera house, hall or theatre during the period of such license, and such license shall be taken out for any period not less than three and more than twelve months, at the rate or proportionate part of unexpired municipal year." These two ordinances are inconsistent. The earlier ordinance is general, applying to all opera houses or halls used for theatrical purposes, in lieu of all separate license fees for shows or amusements given in such opera houses or halls, while the later ordinance is specific, requiring a license for all moving picture shows within the city. The provision that the license fee required of the owner of an opera house or hall shall be in lieu of all separate license fees for shows or amusements given in such opera house or hall is inconsistent with the requirement of another and different license fee for all moving picture shows by a later ordinance. The rule is, that where two laws or ordinances are so inconsistent that the provisions of both cannot reasonably be construed to be in effect

at the same time, the later law or ordinance repeals the earlier to the extent of the inconsistency, even though the later contains no repealing clause. The effect of the ordinance here in question was to repeal section 321 so far as it applies to moving picture shows.

It is contended that the ordinance is unreasonable because it deprives the defendant of his property without due process of law, imposes a tax upon him contrary to the constitution, and the license fee is excessive, unreasonable, prohibitive and oppressive; that the ordinance is, moreover, void because it attempts to require a license for revenue, only, and not for cost of regulation, and because it is a dead letter, not being put in use against any other person after its passage.

The inherent power of taxation is vested in the legislature and local municipalities have no such inherent power, but the power to tax for local purposes, as well as the power to license and regulate, may be delegated to them by the legislature. (*Metropolis Theater Co.* v. *City of Chicago,* 246 Ill. 20.) License fees may be imposed for regulation, revenue or prohibition, and the license fee may be both for regulation and revenue. (Ibid.) Section 1 of article 9 of the constitution provides that the General Assembly shall have power to tax various classes of persons and business, including showmen, in such manner as it may from time to time direct by general law, uniform as to the class upon which it operates; and by paragraph 41 of section 1 of article 5 of the Cities and Villages act the power was delegated to cities and villages "to license, tax, regulate, suppress and prohibit hawkers, peddlers, pawnbrokers, keepers of ordinaries, theatricals and other exhibitions, shows and amusements, and to revoke such licenses at pleasure." "The General Assembly by that paragraph combined the power to regulate, suppress and prohibit, which arises out of the police power, with the separate and distinct power to tax the objects and subjects therein mentioned, and authorized

a municipality to exercise either power by means of a license." (*Condon* v. *Village of Forest Park,* 278 Ill. 218.) The police power extends to the protection of the lives, health and welfare of all persons and the protection of all property in the State. In the exercise of that power the General Assembly may suppress and prohibit any practice, trade or business endangering the public welfare and safety, or may regulate any business in such manner as may be necessary for the safety, morals and welfare of the people and may delegate that power to municipalities. It is for the court to determine what are the subjects for the exercise of the police power and to determine whether an attempted exercise of the police power in a particular instance is reasonably necessary to the comfort, morals, safety or welfare of the community. It cannot be contended that moving picture shows are not proper subjects for the exercise of the police power, for they may or may not be injurious to the public morals or welfare, according to the manner in which they are managed, conducted and regulated, and they may therefore be licensed for the purpose of regulation. They are within the classes of subjects which the legislature has authorized municipalities to tax, and this right to tax is subject only to the constitutional limitation of uniformity of taxation as to the class affected. The defendant complains of the tax as excessive, but his testimony was that he could pay $200 a year but not $400 or $600; that the people down-town wanted him to run the theater down there and the people up-town wanted him to run the theater up there, when it was plain Metropolis could not support two theaters. After building the Illinois theater he purchased the Kozy and the Elite, and the conclusion to be drawn from the evidence is not that the license was too high but that he had too many theaters for the city to support. The statute has imposed no limitation on the amount of the tax the city may impose, and it is not a question for the court.

The objection that the ordinance has never been enforced except against the defendant and is a dead letter has no force. An ordinance is not repealed by failure of the officers whose duty it is to enforce it to do so. It is the duty of the citizen to comply with the statutes of the State and the ordinances of the city, and he cannot be relieved of the penalty for non-compliance by the failure of public officers to prosecute other offenders, if there have been such failures.

The last objection to the ordinance was, that it purports to amend section 60 of chapter 4 of the printed ordinances, which was repealed on May 14, 1917, by ordinance No. 537. Ordinance No. 537 provides:

"Sec. 2. That paragraph 60 of said ordinance book shall be repealed and the following be enacted for paragraph 60, to-wit:

"60. Second: For a license for a performance, exhibition or entertainment of or by any circus, menagerie, hippodrome, aquarium, or like exhibition, $50 per day."

This repeal of paragraph 60 and the simultaneous enactment instead of the repealed paragraph of another paragraph 60 was merely an amendment of paragraph 60. The amendment of an act always operates as a repeal of its provisions to the extent that they are changed by and rendered repugnant to the amendatory act, and the express repeal of a section of an ordinance or statute and the substitution of other provisions in place of the repealed section amount to an amendment of the section. That this substituted section for paragraph 60 is merely an amendment of the original paragraph 60 is shown by a reading of the original paragraph, which was in evidence as defendant's Exbibit 2 and is as follows:

"60. Second: For a license for a performance, exhibition or entertainment of or by any circus, menagerie, hippodrome, aquarium or other like exhibition the fee shall be fifty times the price of admission to the main show, all

side-shows, concerts, and the same multiple for any extra or reserved seat charges."

The court erred in finding the third section of ordinance No. 582 was invalid and void and in rendering judgment that the plaintiff take nothing by its suit.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*