**E. Rohde, Appellant, v. City of Chicago, Appellee.**

**Gen. No. 33,622.**

Opinion filed October 14, 1929.

WOODS, BISHOP & COHEN, for appellant; JOHN E. FOSTER, of counsel.

SAMUEL A. ETTELSON, Corporation Counsel, for appellee; LEON HORNSTEIN and E. MARSHALL AMBERG, Assistant Corporation Counsel, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover $150, being license fees of $30 a year he had paid the defendant city for the years 1924, 1925, 1926, 1927 and 1928, under the provision of a city ordinance, his contention being that the ordinance was void. At the close of plaintiff's case there was a finding and judgment in favor of the defendant and this appeal follows.

The record discloses that an ordinance was passed by the city council of Chicago requiring a license and the payment of a fee therefor from persons or concerns engaged in beauty culture; that plaintiff during the years in question was operating an establishment in Chicago which required a license under the ordinance and the payment by him of the fees mentioned in the ordinance; that each year he took out a license and paid the yearly fee therefor to the city, the last payment being made June 7, 1928. A few days thereafter, on June 23, 1928, the Supreme Court of this State handed down an opinion in which it was held that since an act of the legislature went into effect July 1, 1925, which covered the same subject matter as the ordinance, the ordinance was void from and after that date. *City of Chicago v. Jensen,* 331 Ill. 129. About four months after this opinion was handed down the instant case was brought in the municipal court of Chicago. The defense interposed was that the license fees were voluntarily paid by the plaintiff and therefore no recovery could be had.

Plaintiff contends that the ordinance in question was void from the beginning and that since he paid the fees under duress he is entitled to recover back the money he has paid. It is the law that where license fees are paid a municipality under a void or invalid ordinance, the payments, being made under duress, may be recovered back. But whether there was such duress as the law recognizes is a question of fact in this case. Under the facts as disclosed by the evidence we are of the opinion that the payments were not made by plaintiff under such circumstances as would amount to duress under the law. It is therefore unnecessary for us to decide the question whether the ordinance was void *ab initio* or only became inoperative after the enactment of the statute on July 1, 1925.

We are clearly of the opinion that the evidence warranted the court in finding that the license fees were

paid by plaintiff to the defendant and received by it under no mistake of fact but under the belief that the ordinance was effective, and in such circumstances the fees, being paid under a mistake of law, cannot be recovered.

The evidence shows that the annual licenses obtained under the ordinance in question expired on December 31 of each year, and that during the months of November or December of each year the city collector of the City of Chicago, under the provisions of another ordinance, sent notices to all persons or concerns that were conducting beauty parlors and which under the ordinance required a license, that if they desired to renew their license by mail they might remit the fee to the city collector. The notice also contained the following:

"A continuance of your business without remitting the fee for the renewal of your license after its expiration will subject you to the penalty provided by the Chicago Municipal Code."

Plaintiff testified that he received such notices by mail annually sometime during the month of December for the years in question; that these notices were lost or thrown away by him; and the evidence shows that he paid the license fees on the following dates: March 26, 1924, April 27, 1925, January 19, 1926, January 25, 1927, and June 7, 1928. Plaintiff testified that in April, 1925, an inspector for the city came to his place of business and asked to see his license and plaintiff was then advised by his cashier that they did not have the license for that year because they had not paid the fee; that thereupon the inspector handed plaintiff a summons, a copy of which is in the record, by which plaintiff is notified to appear in the municipal court at a certain time and place in the city hall to answer the charge made against him of operating without a license in violation of the ordinance in question,

and advising plaintiff that unless he appears, application will be made for a warrant or capias; that he did not appear at the city hall but sent his check to avoid any trouble; that about a month thereafter, May, 1925, plaintiff went to the license department in the city hall and told a representative of the city that the members of their organization—plaintiff being the president of the beauty culturists—complained that they were required to pay license fees for which they received no service, and that he told the city's representative at that time "that we were going to try and have a court trial about it;" that the city's representative replied that five other organizations had done the same thing and had failed. This is substantially all the evidence in the record, and we think it falls far short of showing that the payments were made under duress. *Arms v. City of Chicago,* 251 Ill. App. 532, and cases there cited. In *Yates v. Royal Ins. Co.,* 200 Ill. 202, it is said:

"The fact that a tax is paid unwillingly or with complaint is not of any legal importance, but there must be some degree of compulsion, to which the taxpayer submits with notification of some sort equivalent to a reservation of rights."

In Dillon on Municipal Corporations, 5th ed., sec. 1621, page 2832, it is said:

"Where a person, of his own motion, goes to the city clerk and pays money as a price of a license, under an ordinance afterwards judicially declared void, the payment is voluntary, and not upon compulsion, although the ordinance imposed a fine and imprisonment as a penalty for not obtaining a license; hence, in such cases, the money cannot be recovered back."

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.