(No. 19731.—

THE WARD BAKING COMPANY, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed June 20, 1930.*

LOUIS J. BEHAN, and WILLIAM J. CORRIGAN, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (LEON HORNSTEIN, JAMES I. McCARTHY, ROY S. GASKILL, and E. MARSHALL AMBERG, of counsel,) for appellee.

Mr. COMMISSIONER EDMUNDS reported this opinion:

The Ward Baking Company, a corporation, appellant, operating wholesale bread and cake bakeries in the city of Chicago, together with vehicles to distribute its products, filed its bill in the circuit court of Cook county to enjoin the city of Chicago, appellee, from prosecuting it for alleged violation of an ordinance relating to bakeries. Appellee filed an answer and there was a hearing by the chancellor. This appeal is from a decree dismissing the bill for want of equity.

By the terms of the Chicago ordinance of 1911 relating to bakeries it was provided that no person, firm or corporation should establish, maintain or operate any bakery without having first obtained a license therefor. The ordinance prescribed the procedure for making application for such license, provided for inspection of the premises by the commissioner of health as a prerequisite to the issuance of license, set forth many detailed sanitary requirements as to the manner in which the premises should be maintained and the business conducted, provided for inspection of the premises to ascertain whether these requirements were being met, prescribed penalties for violation of these requirements, and authorized the mayor to revoke the license at any time that the provisions of the ordinance were not complied with. The license fee was fixed at $5 for each bakery. In 1920 certain changes were made in this ordinance. As then amended it contained all of the general provisions above outlined but different provisions were inserted with relation to license fee. This was fixed at $15 for wholesale bakeries plus an additional $10 for each vehicle operated for the delivery of bakery products. Along with this change there were added provisions to the effect that there shall be fas-

tened to each such vehicle a painted metal plate of certain specifications as to size and color, having stamped or marked thereon the words "Chicago Bakery" and "a number corresponding with the number of the license issued for such vehicle," and that such plate shall be removed at the expiration of the license year for which such metal plate is issued. In connection with applying for licenses the 1920 ordinance also added a requirement that the application shall state the number of vehicles used for the delivery of bakery goods. Appellant's bill is directed against this vehicle fee.

The city of Chicago has power, under the Cities and Villages act, to regulate the sale of bakery products and to license bakeries in connection with such regulation. (*City of Chicago* v. *Drogasawacz,* 256 Ill. 34.) But where the power to license is impliedly conferred upon a city as an incident to regulation it may only be exercised in connection with other proper regulations of the business or occupation for which the license is granted. The city has no power to exact such a license fee solely for the purpose of raising revenue. In the exercise of the police power for the purpose of regulation the authority of a municipality is limited to such a charge for a license as will bear some reasonable relation to the additional burdens imposed upon the municipality by the business or occupation licensed and the necessary expense involved in police supervision. *Nature's Rival Co.* v. *City of Chicago,* 324 Ill. 566; *Bauer* v. *City of Chicago,* 321 id. 259; *Aberdeen-Franklin Coal Co.* v. *City of Chicago,* 315 id. 99; *Condon* v. *Village of Forest Park,* 278 id. 218; *Herb Bros.* v. *City of Alton,* 264 id. 628; *Metropolis Theatre Co.* v. *City of Chicago,* 246 id. 20.

Except for requiring the aforesaid license plate to be attached the ordinance under consideration prescribes no conditions as to manner of maintaining and operating the vehicles used, nor does it purport to make provision for their inspection. The only provisions for regulation and

inspection found therein pertain to the place of manufacture, for which there is prescribed a fee of $15. The ordinance defines the term "bakery" as the place where the products are manufactured, and hence the provisions for regulation and inspection cannot, under any proper theory, be construed to extend to instruments of delivery of the manufactured product. So far as the present record is concerned, it is impossible to see that the ordinance throws any additional burden upon the city by reason of the number of vehicles employed. There being no added burden to which the prescribed fee of $10 per vehicle can be related, the license provision against which complaint is made cannot, in the light of the above authorities, be upheld.

At the hearing appellee, over appellant's objection, was allowed to introduce in evidence section 2050 of the revised municipal code of 1922. This section provides, among other things, that it shall be unlawful for any person, firm or corporation to store or to keep for the purpose of selling, or to expose or offer for sale, or to transport, convey or carry from one place to another, any food for human consumption or any food sold or procured for the purpose of selling, offering or exposing the same for sale in the city, unless such food is protected from dust, dirt, flies, vermin, rats, mice, dogs, cats, promiscuous handling and other contamination. Appellee was allowed to introduce also, over objection, testimony that bakery vehicles are inspected under the provisions of section 2050 and owners requested to comply with the provisions of said section. Appellee now contends that section 2050 and the bakery ordinance should be read together, and that when so read the bakery ordinance must be held to be, in the respect complained of, a reasonable and proper exercise of power. For the reasons suggested in *Bauer* v. *City of Chicago, supra,* this contention is not well taken. Section 2050 is a general provision, having a wider application than the sections here under review. A person, firm or corporation operating a bakery

under the terms of the bakery ordinance is, apart from section 2050 and in common with all other persons, firms or corporations, amenable to the provisions of section 2050. The bakery ordinance is wholly distinct from and makes no reference to the general provisions upon which appellee relies, and these provisions cannot be considered a part of it.

The decree of the circuit court of Cook county is reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the bill.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*