(No 27757.—)

THE VILLAGE OF EAST ALTON, Appellee, *vs.* BARNEY ARST, Appellant.

*Opinion filed March 21, 1944.*

JACOBY, PATTON, MANNS & COPPINGER, (JOHN F. McGINNIS, of counsel,) all of Alton, for appellant.

WILLIAM P. BOYNTON, of Alton, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, an operator of a junk yard in the village of East Alton, was charged, on July 9, 1940, with operating that business without first having procured a license so to do. He was found guilty by a police magistrate, and upon appeal to the county court of Madison county the judgment against him was affirmed. In 1941, after the 1941 amendment of the Cities and Villages Act, the village ordinances were revised and codified and a junk-yard ordinance similar in its terms and provisions was promulgated. Defendant failed to procure a license under the revised ordinance and on August 1, 1941, another complaint was filed against him, he was found guilty, and on appeal to the county court of Madison county the second judgment

was also affirmed. By agreement of the parties the two complaints were consolidated in the county court. The cause comes here on direct appeal on the ground that constitutional questions are involved. An appropriate certificate of the judge of the county court, conferring jurisdiction on this court under the statute, was entered.

Appellant's counsel argue that the ordinance is void in that it violates the fourth amendment to the constitution of the United States and sections 2, 6 and 9 of article II of the constitution of Illinois. They say the powers conferred upon the president of the village board are judicial powers; that those powers are unreasonable and confiscatory; that the ordinance permits unreasonable searches and seizures; that the cost of the license bears no reasonable relationship to the cost of inspection, and that the ordinance was passed under the guise of a regulatory enactment but is in fact a revenue measure.

It must be borne in mind that the charge before us is appellant's failure and refusal to procure a license. Therefore, if the village had authority to adopt this ordinance, it is not a defense to the charge here made that there are provisions in the ordinance which are invalid, since he is not charged with breach of such provisions, and they are not involved in this case. The power conferred upon the village by the General Assembly to pass the ordinances, is found in the Cities and Villages Act, (Ill. Rev. Stat. 1939, chap. 24, art. 5, par, 65-94, p. 391; Ill. Rev. Stat. 1941, chap. 24, art. 23, par. 23-94, p. 418,) which, at the time the ordinance on which the first complaint is based was enacted, conferred power on the village board "to tax, license, regulate" junk yards. In 1941, at the time the revised ordinance involved here was enacted, the authority conferred was to "license, tax, locate, and regulate" junk yards.

The first question, and the primary one involved in this case, is whether appellant is entitled to operate his junk-

yard business without first taking out a license. That junk yards may be taxed or licensed has long been settled in this State. Under authority given by the statute to tax and license, the relation between the fee charged and the public burden imposed is not involved, (*Metropolis Theater Co.* v. *Chicago,* 246 Ill. 20,) since, under the power to tax, public burden does not become a measure of the power, and the cases cited by counsel for appellant, governing the relation which a license fee should bear to the public burden involved, are not in point.

One of the objections raised by appellant, as a basis for his position that he should not be required to take out a license, is that section 1 of the ordinance, which provides that "the President of the Board of Trustees of the Village of East Alton, may grant licenses to such persons as shall produce satisfactory evidence of good moral character, to keep what are commonly known as 'junk shops' or 'junk yards'" gives the president of the board of trustees an unlimited discretion as to whom he may issue licenses. The existence of good moral character, as determined by the president of the board of trustees, however, is to be upon satisfactory evidence thereof. Such limitation requires the president to issue a license where the evidence shows good moral character on the part of the applicant, and other requirements of the ordinance are met. This is not unreasonable discretion. The section also provides that no license to operate a junk shop shall be issued to one not approved by the president of the board of trustees as of good character.

A similar question arose in *City of Chicago* v. *Ben Alpert, Inc.* 368 Ill. 282, where an ordinance requiring an applicant for a license to operate a garage to obtain the approval of the commissioner of police, commissioner of buildings, chief of fire prevention engineer, and superintendent of the department of licenses, was involved. This provision was held not to be open to the objection urged here, the

court saying: "The challenged ordinance falls within the familiar rule that although a legislative body cannot delegate its own inherent function of determining what the law shall be it may, nevertheless, delegate to others the power to do those things which it might properly but cannot understandingly or advantageously do itself."

Counsel point to a number of provisions of the ordinance which they say are invalid. Appellant is, however, prosecuted for failure to procure a license, and, as was held in *City of Chicago* v. *Adelman,* 326 Ill. 58, and again in *Beskin* v. *City of Chicago,* 341 Ill. 489, if the section of the ordinance under which he is being prosecuted is valid, he cannot be heard to complain of the possible invalidity of some other section which has not affected him. This court said in the *Adelman case:* "In the first place, that provision is not involved in this prosecution, and if it were invalid, (which we do not concede,) it would not affect the section under which this suit is prosecuted. * * * The complaint charged appellee with conducting a junk business without having procured a license, as provided by ordinance, and we do not think we are required to take up and discuss the validity of sections or provisions of the ordinance which are in nowise involved in this suit." It was also in that case said: "If appellee shall procure his license to conduct the business and then appellant shall attempt to enforce some of the provisions objected to which he thinks are invalid, it will be time enough for him to complain. He cannot object now to the valid provisions of an ordinance which he has never attempted to comply with, on the ground that if he did procure a license the city might attempt to enforce some provisions of the ordinance that he regards as void."

A provision also objected to is that under the conditions named in section 8, the president of the village board, by and with the consent of the board of trustees, may revoke

the license of a person failing or neglecting to comply with such provisions. It has been recognized that such officers may be lawfully empowered to revoke a license when the provisions of the ordinance are not complied with. (*Ward Baking Co.* v. *City of Chicago,* 340 Ill. 212.) Again we say that appellant, not having complied with the section of the ordinance which requires the securing of a license, is not in a position to complain of this provision.

The judgment of the county court is right and is affirmed.

*Judgment affirmed.*