(No. 28349.—

FRANK ALIOTTA *et al.*, Appellants, *vs.* THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

MOSES, KENNEDY, STEIN & BACHRACH, (WALTER BACHRACH, and ROBERT C. KELSO, of counsel,) all of Chicago, for appellants.

BARNET HODES, Corporation Counsel, (MARTIN H. Foss, of counsel,) both of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Frank Aliotta, and forty-five others, who own and operate barber shops in the city of Chicago, filed their complaint in chancery on behalf of themselves and of others similarly situated, to enjoin the city from enforcing an ordinance providing for the licensing and regulation of barbers and barbershops in the city, and to enjoin the defendant and its officials from prosecuting certain *quasi*-criminal actions against individual barbers for failing to pay license fees under said ordinance, and to declare said ordinance void for want of power in the city to enact it, and because it is vague, uncertain and indefinite in vital respects. The city and its officials filed a motion to strike and dismiss the complaint, which was allowed by the court, and, the plaintiffs having elected to abide by the complaint, the suit was dismissed. The plaintiffs' motion for a temporary injunction was also denied. The chancellor certified the validity of a municipal ordinance was involved, and in his opinion the public interest required that an appeal be taken directly to the Supreme Court.

The ordinance licensing and regulating barbershops was enacted December 15, 1943. It defines barbershops; it requires a license to operate one; it exacts a license fee based upon the number of barber chairs used in the licensed premises; fixes the amount of the license fee per chair; makes provision for sanitary requirements, location of shops, and periodic inspections, and provides penalties for violation of any of its provisions.

The first and most vigorous contention made by appellants is that the city is without power to pass an ordinance regulating barbers, because the State of Illinois has fully occupied the field by the enactment by the General Assembly, in 1937, of a statute in relation to the practice of barbering, which delegates to the Department of Registration and Education the power to adopt reasonable rules

providing for sanitary regulation of barbershops and barber schools, with other measures for the sanitary regulation thereof, and that such Department has adopted a set of rules which are detailed and complete, requiring payment of registration fees, and that the licensing and regulation by the State were intended to fully occupy the field of licensing and regulating barbers and barbershops, and thereby repealed any power which the General Assembly might previously have granted to municipalities. Appellants rely very largely upon the case of *City of Chicago* v. *Jensen*, 331 Ill. 129, where it was held that the enactment by the General Assembly of a statute regulating beauty culture operated to deprive the city of Chicago of the right to license beauty parlors.

. The history of barbershop legislation is as follows:. In 1909 the legislature enacted a law regulating and licensing barbers. (Laws of 1909, p. 98.) This was amended in 1929 and again in 1935. In 1937, an act revising the law in relation to barbers was enacted, and the act of 1909 repealed. (Ill. Rev. Stat. 1397, chap. 16¾, par. 14.1 *et seq.*) The law of 1909 covered substantially the same features as that of 1937, except the latter went into greater detail. Prior to 1935 there was no statute expressly authorizing a city to license or regulate barbers, but in that year the powers of the city were extended, under which a city was given the authority to "tax, license and regulate   *   *   * barbers, and barber shops." (Ill. Rev. Stat. 1935; chap. 24, par. 65(91).) It is the contention of appellants that the statute of 1937, completely revising and re-enacting the act of 1909 relating to barbers, disclosed an intention upon the part of the legislature to recall the authority given to cities and villages to license, tax and regulate under the law of 1935, and to thereby repeal such last-mentioned statute by implication.

It seems to us that this contention cannot be determined without examining further legislation on the subject in

the Revised Cities and Villages Act of 1941. In this act, by section 23-91, the power of the city to tax and regulate certain occupations is again granted in the following language: "To license, tax and regulate auctioneers, * * * barbers, * * * and the keepers or owners of * * * barber shops." (Laws of 1941, vol. 2, p. 177.) The point made by appellants that the General Assembly, as in point of time, has given the regulation of barbers and barbershops to the State, subsequent to the granting of a like authority to the city, is not, in fact, accurate.

This contention fails to take into consideration section 87-1 of the Revised Cities and Villages Act, which provides: "The provisions of this act shall be cumulative in effect, and if any provision is inconsistent with another provision of this Act or with any other Act not expressly repealed by section 87-4 it shall be considered as an alternative or additional power and not as a limitation upon any other power granted to or possessed by municipalities." (Laws of 1941, vol. 2, p. 399.) The act of 1937, revising the law in relation to barbers is not repealed by section 87-4 of the Revised Cities and Villages Act, and therefore, under the provisions of section 87-1, section 23-91, if inconsistent with the Barbers Act of 1937, shall be considered as an alternative or additional power granted to, or possessed by, municipalities.

These statutory provisions negative the theory that the power of the city to license or regulate barbers has been repealed by the act of 1937. Section 2 of the act relating to construction of statutes (Ill. Rev. Stat. 1943, chap. 131, par. 2,) providing that a re-enactment of a former statute, as far as it is the same, shall not be considered a new enactment, does not apply, for the reason that, while the barber provision in the 1941 Revised Cities and Villages Act is the same as that found in the laws of 1935, it has, in addition, attached and read into it a part thereof that, in case of conflict, the provision in the later act shall be considered

either as an alternative or additional power. This renders the consideration of the cases cited by appellants on this proposition unnecessary. It might be remarked, however, that in each of the cases of *City of Chicago* v. *Jensen,* 331 Ill. 129, *Wilkie* v. *City of Chicago,* 188 Ill. 444, and *City of Chicago* v. *Burke,* 226 Ill. 191, what had been done by the city was not under an express grant but under general powers, which were held to be no longer effective because the General Assembly had enacted laws vesting in the State of Illinois complete authority over the particular subject. There was not present in any of these cases a special grant to the *city,* and a like grant of power to the *State.* There was clear repugnance in those cases; there is no repugnancy in this case.

The regulation of barbershops comes under the general police-power. (*People* v. *Logan,* 284 Ill. 83.) It has many times been held that a municipality may exercise police power concurrently with the State. (*City of Chicago* v. *Union Ice Cream Mfg. Co.* 252 Ill. 311; *Chicago Cosmetic Co.* v. *City of Chicago,* 374 Ill. 384; *Crackerjack Co.* v *City of Chicago,* 330 Ill. 320.) Repeals by implication are not favored. (*City of Chicago* v. *Hastings Express Co.* 369 Ill. 610.) The statutory provisions pointed out above, in conjunction with these principles, clearly disclose that the power granted the cities and villages to license, tax and regulate barbers and barbershops has not been repealed.

This leaves for consideration the claim that the ordinance is void because it is vague, uncertain and indefinite in vital respects. The complaint sets forth the ordinance in full and alleges, generally, that it is vague, indefinite and uncertain in that it vests sole and uncontrolled discretion in the president of the board of health to determine when the premises are "clean and in a sanitary condition," and is therefore void. The complaint also alleges the defendant and its employees have threatened to enforce the ordinance and compel the plaintiffs and others to submit thereto, but

the specific acts committed by the defendant or defendant's officials to enforce the ordinance consist in bringing *quasi*-criminal proceedings for failure to take out licenses and to pay license fees, as provided in said ordinance. This is not sufficient to entitle the plaintiffs to maintain a complaint in equity to question the provisions of the ordinance not involving the payment of license fees. In *Moy* v. *City of Chicago,* 309 Ill. 242, we said that courts of equity are reluctant to take jurisdiction of a bill to enjoin the enforcement of a municipal ordinance on a subject matter about which the municipality has power to legislate, and will not do so to prevent a multiplicity of suits unless the ordinance affects a right or interest common to a large number of complainants. In that case, as in this, the ordinance made certain provisions coming within the powers of the city to promote the public health, and also contained certain sections which delegated powers to the health commissioner, which were claimed to be arbitrary powers. The court held that inasmuch as the city had authority to enact ordinances promoting the public health, the fact that one section might be void did not authorize the intervention of equity to declare the entire ordinance void.

In *Kearney* v. *City of Canton,* 273 Ill. 507, where the circuit court held an ordinance void and enjoined its enforcement at the suit of a number of complainants who alleged they were engaged in the business affected by the ordinance, we held that the purpose of an ordinance to control traffic in intoxicating liquors was within the scope of the power of the city to legislate upon, and that where part of the ordinance was valid, and another part invalid, it is not sufficient to give a court of equity jurisdiction to enjoin its enforcement, unless the complaint alleges that the void part is being enforced against the plaintiffs, saying: "it is possible that part of an ordinance may be held invalid and other parts valid and the invalid portions not affect the valid portion in such a way as to require holding

the whole ordinance void. In such case there is no such interest common to all parties, some of whom are affected by the provisions of one section and others by the provisions of other sections, as to give a court of equity jurisdiction to entertain a bill to enjoin its enforcement to prevent a multiplicity of suits."

In the present case, the principal argument of appellants is directed to the validity of section 6 of the ordinance, which, it is claimed, vests arbitrary power in city officials. There is no claim in the complaint that any of the plaintiffs have been affected by this section, but what they do complain of is that they are being prosecuted for failure to take out a license and to pay license fees. The city has authority, as we have pointed out, to enact such an ordinance, and to require the payment of license fees, and hence the specific reason alleged entitling plaintiffs to an injunction does not exist.

The principle is applied in *Village of East Alton* v. *Arst*, 386 Ill. 224. There, a junk dealer was arrested and fined for failing to take out a license, as required by an ordinance. His defense was that certain provisions of the ordinance were void. We held in that case that if the defendant was conducting a business without a license, as provided by ordinance legally adopted, he was in no position to raise objections to some other provisions of the ordinance which might be invalid; citing *City of Chicago* v. *Adelman,* 326 Ill. 58, and *Beskin* v. *City of Chicago,* 341 Ill. 489.

In the present case, the city of Chicago had the undoubted right to enact an ordinance regulating barbershops, and requiring the payment of a license fee. The plaintiffs complain they were being required to pay the license fee. That part of the ordinance requiring the payment of the license fee was enforcible, although section 6 granting certain powers to the city officials may be invalid, under the authorities above pointed out. In the present case, the claim for relief because the statutory power of the city

to license and regulate barbers and barbershops did not exist, involved every part of the ordinance, and if sustained, would have required us to grant the relief prayed. But, when that contention is decided adversely and the power of the city to license and regulate upheld, then, upon a complaint charging illegal exaction of a license fee, the entire ordinance may not be invalidated because there may be improper provisions for regulation.

Under such circumstances, it is unnecessary for us to pass upon the validity of section 6 of the ordinance, since the plaintiffs have failed to show they have the requisite interest to maintain a bill in equity to declare the whole ordinance void.

The superior court of Cook county properly sustained the motion to strike the bill of complaint, and its decree is, accordingly, affirmed.

*Decree affirmed.*