(No. 29287.—

THE CITY OF BLOOMINGTON, Appellee, *vs.* JOHN T. RAMEY, Appellant.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

Robert C. Underwood, and Costigan, Wollrab & Yoder, both of Bloomington, for appellant.

Richard M. O'Connell, City Attorney, of Bloomington, for appellee.

Mr. Justice Stone delivered the opinion of the court:

The circuit court of McLean county entered judgment against appellant finding him guilty of violating the provisions of a certain ordinance of the city of Bloomington, licensing itinerant merchants. The court imposed a fine of $50 and certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

Appellant, when arrested, was engaged in taking orders for photographs. He was charged with violating an ordinance of the city by failing to procure a license as an itinerant merchant and transient vendor of merchandise before engaging in business. The cause was submitted to a justice of the peace on an agreed statement of facts and appellant was found not guilty. The city appealed to the circuit court where the cause was submitted, under Rule 48 of this court, as an agreed case. The agreed statement of facts sets out the ordinance and shows in substance the following: Appellant was employed by a certain photograph studio of Milwaukee, Wisconsin. On October 15, 1944, he came to Bloomington with a crew of five or six employees of the studio and engaged rooms at a hotel. He and his crew solicited the purchase of photographs by house-to-house visitation. Purchasers signed blank forms, made a small payment and were given an appointment to go to a hotel in that city to have photographs taken, where such was done by another employee of the studio. When the photographs were taken the balance of the purchase price was paid and the negatives were sent to Milwaukee, proofs developed and returned and customers were notified. They selected the proofs they desired finished and were solicited to purchase additional photographs. The proofs selected were mailed to the home office and finished photographs were mailed directly from the home office to the customer. Appellant and his crew intended to stay in Bloomington, and did stay, only long enough to canvass the city, that is, from October 15, 1944, to November 9, 1944. The photographer who took the pictures remained until November 25, 1944.

It is agreed that appellant did not obtain a license, as required by the ordinance. It is also agreed that his failure to obtain a license and pay the fee therefor was the cause of his arrest. In other words, he was arrested for violation of that ordinance. This ordinance defines the term

"itinerant merchant" as "any person, firm or corporation engaging temporarily in retail or wholesale business within the corporate limits of the city of Bloomington, Illinois, including those who * * * hire, lease or occupy any lot, building, room, structure, truck," and the like, but excludes "any persons handling vegetables, fruit, or perishable farm products." It is by the ordinance made unlawful for any person to engage in the business of itinerant merchant or transient vendor of merchandise without first having obtained a license. The license fee is fixed by the ordinance at $50 for the first one to ten days; eleven to thirty days $100; thirty-one to one hundred eighty days $300; one hundred eighty-one to three hundred sixty days $500, the license fee to be no less than $50 in any instance. Certain requirements as to good character and business integrity may be required. The applicant for a license is required to deposit $500 or a surety bond in that amount, which is made subject to any claims, judgments, taxes and the like, which may be filed against the itinerant vendor within the time specified in the ordinance.

Appellant claims he is not an itinerant merchant or transient vendor within the meaning of the statute delegating power to municipalities to license persons engaged in such occupations, and even though he be such, the ordinance is invalid as applied to the facts in this case. The power to pass this ordinance is derived from the Revised Cities and Villages Act. (Ill. Rev. Stat. 1945, chap. 24, sec. 23-54.) So far as applicable to the present inquiry, this section grants to cities and villages power "to license, tax, regulate, or prohibit hawkers, peddlers, pawnbrokers, itinerant merchants, transient vendors of merchandise," etc. Power of the General Assembly to authorize cities and villages in this State to license and regulate various kinds of business and occupations carried on within their respective limits, and to require the payment of license fees, has

been many times sustained by this court and is so well settled as to preclude the necessity for discussion of the subject. It has also been frequently held by this court that a mere license fee imposed by municipal authorities under authority of an act of the General Assembly is not a tax. (*Ward Baking Co.* v. *City of Chicago,* 340 Ill. 212; *City of Carrollton* v. *Bazzette,* 159 Ill. 284; *Wiggins Ferry Co.* v. *City of East St. Louis,* 102 Ill. 560.) The General Assembly, by the section of the Revised Cities and Villages Act hereinbefore referred to, has combined the power to tax with the power to license. *City of Metropolis* v. *Gibbons,* 334 Ill. 431; *Condon* v. *Village of Forest Park,* 278 Ill. 218.

Appellee argues that since the statute gives cities the power to tax as well as to license, the courts have nothing to do with the amount of license fees and therefore appellant's complaint that the fee is unreasonable and does not bear reasonable relation to the cost of regulation or the supervision is not before the court. In support of this contention appellee relies upon *City of Metropolis* v. *Gibbons,* 334 Ill. 431, and *Village of East Alton* v. *Arst,* 386 Ill. 224. In those cases the court was dealing with the exercise of the police power to prohibit and regulate and not merely the power to license. In the *Gibbons case* the subject was a theater and in the *Arst case* a junk yard, both of which may be prohibited or suppressed by city ordinance in a proper case. In this case we are dealing only with the power to license. It is not contended that the city had power to prohibit or suppress appellant's business.

In *Ward Baking Co.* v. *City of Chicago,* 340 Ill. 212, it was held that a city has no power to exact a license fee from a business or occupation solely for the purpose of raising revenue under the exercise of the police power to regulate. The authority of a municipality is limited to such a charge for a license as will bear some reasonable

relation to the additional burdens imposed upon a city by the business or occupation licensed and the necessary expense involved in supervision thereof.

The ordinance before us is a licensing and not a taxing ordinance. Where there is no power to suppress or prohibit, the municipality does not have unlimited discretion in fixing the amount of license fees. (*Ward Baking Co.* v. *City of Chicago,* 340 Ill. 212; *City of Carrollton* v. *Bazzette,* 159 Ill. 284; *Wiggins* v. *City of Chicago,* 68 Ill. 372.) So far as the matter comes within the discretion of municipal authorities it is for them, and not for the courts, to determine what the fee shall be. It is only when an ordinance is clearly unreasonable and prohibitive in its character and there exists no power to prohibit, that courts may interfere and pronounce it invalid. Cooley's Constitutional Limitations, 200; 2 Beach on Public Corporations, sec. 1234.

Since this ordinance lies within the realm of licensing rather than prohibiting power, it seems clear that a fee of $50 for any number of days not exceeding ten, with the increased scale as hereinbefore pointed out, is unnecessarily burdensome and bears no general relation to the burden of regulation. It is seen that no matter how trifling or of what magnitude the operation will be, the minimum fee is fixed at $50. Our conclusion is that in so far as this ordinance applies to appellant, it is unreasonable and void.

Appellant also urges that if the judgment be reversed his costs be assessed against appellee. A city is not liable for costs in a case such as this. *Anderson* v. *Schubert,* 158 Ill. 75.

The judgment of the circuit court of McLean county is reversed and the cause remanded to that court with instructions to dismiss the complaint.

*Reversed and remanded, with directions.*